**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JERRY BROOKS,**

    **Plaintiff,**

                                  **CASE NO.:**

**v.**

**CAPSTONE LOGISTICS, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JERRY BROOKS, by and through undersigned counsel, brings this action against Defendant, CAPSTONE LOGISTICS, LLC, and in support of his claim states as follows:

### JURISDICTION AND VENUE

1. Because Plaintiff's claims are brought pursuant to the private right of action provided for under 29 U.S.C. § 216(b), they arise under the laws of the United States, and the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

### PARTIES

3. Plaintiff is a resident of Hillsborough County and he worked for Defendant in Tampa, in Hillsborough County, Florida.

4. Defendant is a foreign corporation in the business of providing third party logistics specializing in warehousing and fulfillment, freight management and transportation services. Defendant employed Plaintiff at the US Foods facility located at 7004 E. Hannah Avenue in Tampa, in Hillsborough County, Florida.

**GENERAL ALLEGATIONS**

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

15. Plaintiff began working for Defendant as a warehouse associate in April 2019, and he worked in this capacity until July 2019.

16. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

17. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

18. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff a salary of eleven dollars and zero cents ($11.00) per hour plus thirty-five cents (.35) per pallet.

19. At various times material hereto, Defendant failed to pay Plaintiff his regular agreed upon wages for certain hours that he worked over forty (40) hours in one work week.

20. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

21. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

22. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

23. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

24. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 30th day of September, 2019.

        Respectfully submitted,

        /s/ Brandon J. Hill
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Direct Dial: 813-337-7992
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: jcornell@wfclaw.com
        Email: rcooke@wfclaw.com
        **Attorneys for Plaintiff**